UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUCE MAVUNINU-JEAN, *individually* § | | |
| *and as next friend of minor children* § | | |
| G.M., F.M., B.M., and J.M., and § | | |
| PERPETUE KAPEPULA, § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 3:19-CV-1571-B | |
| § | | |
| CONSTANTINO REYES and § | | |
| LIBERTY FREIGHT CO., INC., § | | |
| § | | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion for Leave to Designate Responsible Third Party (Doc. 12), filed on October 25, 2019. Defendants seek leave to designate Austin Haveman as a responsible third party in this matter. For the reasons stated below, Defendants' Motion is **GRANTED**.

**I.**

**BACKGROUND**

This case arises from an automobile accident that occurred on February 11, 2018 in Fort Worth, Texas. Doc. 1, Compl., ¶ 3.1. An automobile driven by Austin Haveman allegedly lost control on a highway due to icy conditions. *Id.* Haveman's vehicle eventually stopped on the right shoulder of the highway. *Id.* This caused Aida Ramadanovic, who was driving in the left lane of the highway, to slow down. *Id.* ¶ 3.2. Defendant Reyes, driving a tractor-trailer owned by Defendant Liberty Freight Co., Inc. that was behind Ramadanovic, attempted to slow down as well. *Id.* ¶ 3.3. Reyes's trailer, however, hit Ramadanovic's vehicle. *Id.* The trailer then hit Plaintiffs' vehicle, which

was in the right lane, and Haveman's vehicle, which was still on the right shoulder of the road. *Id.*

Plaintiffs seek to hold Defendant Reyes liable for negligence. *Id.* ¶ 5.2 They also seek to hold Defendant Liberty Freight Co., Inc., vicariously liable for Defendant Reyes's negligence, as well as directly liable for its negligent hiring, supervision, training, and retention of Defendant Reyes. *Id.* ¶¶ 6.2–6.3.

On June 28, 2019, Plaintiffs filed this lawsuit. Doc. 1, Compl. On October 25, 2019, Defendants filed the present Motion for Leave to Designate Responsible Third Party. Doc. 12. Specifically, Defendants seek leave to designate Austin Haveman as a responsible third party in this matter. *Id.* at 1. Defendants allege that Haveman was negligent and responsible for at least a proportion of Plaintiffs' injuries. *Id.* ¶ 3. Plaintiffs received a copy of this motion via ECF on October 25, 2019. *Id.* at 6. Plaintiff has not filed a response to the Motion. As such, it is ripe for the Court's review.

## II.

## ANALYSIS

Under Chapter 33 of the Texas Civil Practice and Remedies Code, a defendant who is sued in tort or under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") may reduce his liability by a percentage of responsibility attributed to a responsible third party. Tex. Civ. Prac. & Rem. Code § 33.002. "This applies exclusively to actions based in tort or brought under the DTPA, so a defendant cannot designate a responsible third party with respect to a *contract* claim against him." *Nels Cary, Inc. v. Day*, No. 3:07-CV-0832-D, 2008 WL 631242, at *1 (N.D. Tex. Feb. 29, 2008)(emphasis in original); Tex. Civ. Prac. & Rem. Code § 33.002; *see, e.g, In re Kyocera Wireless Corp.*, 162 S.W.3d 758, 769 (Tex. App.—El Paso, orig. proceeding). Because Chapter 33 is part of a statutory scheme that reflects state substantive policy and does not conflict with the

Federal Rules of Civil Procedure, this Court will apply Chapter 33. *See Becker v. Wabash Nat'l Corp.*, 2007 WL 2220961, at *2 n.2 (S.D. Tex. July 31, 2007).

To designate a person as a responsible third party, a defendant must first file a motion for leave. Tex. Civ. Prac. & Rem. Code § 33.004(a). Once a defendant has moved for leave, a plaintiff may object "on or before the 15th day after the date the motion is served." *Id.* § 33.004(f). Thereafter, a court

> shall grant leave to designate the person as a responsible third party unless the objecting party establishes (1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and (2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

*Id.* § 33.004(g). "After adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage." *Id.* § 33.004(l).

Defendants filed its Motion for Leave to Designate Responsible Third Party on October 25, 2019. A copy of the Motion was served on Plaintiffs that same day via the Court's ECF System. Doc. 12, Defs.' Mot., Cert. of Serv, 6; L.R. 5.1(d). The Motion's Certificate of Conference indicates that Defendants' Counsel have attempted to contact Plaintiffs' Counsel in regards to this motion, but have been unable to establish contact. Doc. 12, Defs.' Mot., Cert. of Conf., 6. Plaintiffs have not filed an objection to the Motion.

Due to the fact that Plaintiffs have not filed any opposition to the designation of Austin Haveman as a responsible third party in this matter within 15 days of the motion being filed, the Court **GRANTS** Defendants' Motion pursuant to section 33.004(f). *See* Tex. Civ. Prac. & Rem.

Code § 33.004(f) ("A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served."); *see, e.g., Constante v. General Motors, LLC*, No. SA-12-CV-757-XR, 2013 WL 1729722, at *1 (W.D. Tex. Apr. 22, 2013) ("Since no objections were filed within 15 days of the motion being filed and electronically served on Plaintiff's counsel, the Court must grant the motion pursuant to section 33.004(f)."); *Liberty Ins. Corp. v. Caterpillar, Inc.*, No. SA-13-CV-83-XR, 2013 WL 3166616, at *2 (W.D. Tex. June 20, 2013).

Because Plaintiffs have only alleged tort claims against Defendants, the Court **GRANTS** Defendants **LEAVE** to designate Austin Haveman as a responsible third parties in this matter.

**SO ORDERED.**

**SIGNED: November 13, 2019**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE